UNITED STATES DISTRICT COURT

Northern District of California

JAMES W. JAMES,

                Plaintiff,

  v.

UNITED STATES OF AMERICA, *et al,*

                Defendants.
_____/

No. C 09-5149 MEJ

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. #16)**

## I. INTRODUCTION

Before the Court is Defendants United States of America and Duke Terrell (collectively "Defendants") Motion to Dismiss Plaintiff James W. James' ("Plaintiff") Complaint. (Dkt. #16.) After consideration of the parties' papers and relevant legal authority, the Court ORDERS as follows.

## II. BACKGROUND

Plaintiff was a prisoner in the Federal Medical Center ("FMC") at Rochester, Minnesota for six months, from June 6, 2007 to December 6, 2007. (Compl. ¶ 8, Dkt. #1.) Prior to being admitted to FMC, Plaintiff had suffered from Multiple Sclerosis ("MS") for over twenty years. (Compl. ¶ 11.) Plaintiff alleges that during his confinement, FMC staff refused to take into consideration his pre-existing medical condition. (Compl. ¶¶ 9-23.) Specifically, Plaintiff alleges that he was not given his medication, was denied the requisite diet necessary to keep his MS under control, and was forced to endure high temperatures that irritated his condition. (Compl. ¶¶ 9, 22, 23.) Plaintiff contends that the indifference to his medical needs, coupled with the unsanitary conditions at FMC, caused him to contract Methicilin Resistant Staphylococcus Aureus ("MRSA"). (Compl. ¶ 12.) The MRSA, Plaintiff alleges, caused him to suffer five urinary tract infections during his six month stay

at FMC. (Compl. ¶¶ 17, 20.) Plaintiff further alleges that during the course of his treatment at FMC he was forced to self-catheterize despite physical limitations stemming from his MS that made it unsafe for him to do so. (Compl. ¶ 14.) Plaintiff claims he suffered "excruciating pain" when FMC staff attempted to remove an improperly installed catheter and on a separate occasion was subjected to "severe pain and humiliation" when FMC staff failed to reply to his requests for help as he sat in his own urine. (Compl. ¶¶ 16, 18.)

Plaintiff claims that on October 27, 2007, he wrote a letter to Defendant Terrell, the acting Warden of FMC at that time, requesting adequate medical attention, but he received no response and experienced no improvement in his care. (Compl. ¶ 21.) Plaintiff further alleges that his wife wrote two letters on his behalf, the first requesting he be quarantined as a result of his MRSA and a second to the Federal Bureau of Prisons' Health Services Department. (Compl. ¶¶ 15, 21.) While Plaintiff contends that he was eventually quarantined, he maintains that the second letter went without response or action. *Id.*

After being released from FMC, Plaintiff alleges he was treated by his personal physician, at which time he learned of the extent of the injuries caused by the lack of adequate care he experienced. (Compl. ¶ 8.) Plaintiff claims that as a result of the lack of care at FMC, he suffered from MRSA, a nuerogenic bladder, and open wounds on his feet. (Compl. ¶¶ 12, 21.) Additionally, Plaintiff maintains that he is no longer able to walk short distances with a cane, as he could do before his incarceration. (Compl. ¶ 19.)

On November 10, 2008, Plaintiff submitted an administrative claim to the Department of Justice alleging that he was entitled to compensation for the inadequate medical care he received. (Bitz Decl. ¶ 3, Dkt. #17.) The administrative claim was formally denied by certified mail on April 22, 2009. (Bitz Decl. ¶ 4, Attach. A, Dkt. #26.)

On October 30, 2009, Plaintiff filed suit against Defendants as a *pro se* litigant claiming two separate causes of action, one for violations of his constitutional rights[1] and a second alleging

---

[1] Although Plaintiff fails to specify, his use of the language "cruel and unusual punishment" within the description of his cause of action against Defendants implies this is an Eighth

2

personal injury under the Federal Tort Claims Act ("FTCA"). (Compl. ¶¶ 23-27.) In his Complaint, Plaintiff alleges that Defendants violated his constitutional rights by: (1) acting negligently and/or exercising deliberate indifference to his serious medical needs (cruel and unusual punishment); (2) torturing and humiliating him; (3) failing to properly supervise employees and agents; (4) inflicting incurable illness; and (5) severely damaging his physical and emotional well being. (Compl. ¶ 24.) Plaintiff further alleges that "[a]s a result of Defendants' negligence and/or deliberate indifference conducts [sic] regarding Plaintiff, Plaintiff has suffered incurable fatal illnesses and various wounds . . . as well as extreme emotional torturing." (Compl. ¶ 27.) Plaintiff maintains that each of his claims arise from his incarceration at FMC. (Compl. ¶¶ 8-23.)

On July 6, 2010, Defendants filed the Motion at issue, requesting that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. #16.) Plaintiff filed an Opposition to Defendants' Motion on July 28, 2010. (Dkt. #22.) Defendants filed no reply. On September 7, 2010, the Court found this matter suitable for disposition without a hearing and vacated the September 23 hearing. (Dkt. #27.)

## III.  DISCUSSION

In their Motion, Defendants argue that Plaintiff's Complaint should be dismissed on several grounds. First, Defendants argue that the Court should dismiss the claims against the United States for lack of subject matter jurisdiction based on Plaintiff's failure to file this lawsuit within six months of having his administrative claim denied, as required by the applicable statute of limitations. (Defs.' Mot. 2:7-9, Dkt. #16.) Defendants next contend that the claims against Terrell, whether in his individual or official capacity, should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. *Id.* at 2:9-12. Defendants maintain that, in the alternative, the claims against Terrell should be dismissed for lack of personal jurisdiction, improper venue and failure to timely serve papers. *Id.* at 2:12-13, 9:16-17. Finally, Defendants assert that the claims against Doe Defendants should be dismissed for failure to state a claim, improper venue, personal

---

Amendment claim brought pursuant to 42 U.S.C. § 1983.

3

jurisdiction and because Doe pleading is disfavored. *Id.* at 2:13-14, 9:17-19.

In response, Plaintiff argues that even if his FTCA claim against the United States is time-barred, his constitutional claim should stand. (Pl.'s Opp'n 4:21-25, Dkt. #22.) Plaintiff maintains that discovery is necessary to ascertain whether Terrell should be held responsible in his official or individual capacity, but that the claim against him should stand in either instance. *Id.* at 5:11-25. As a *pro se* litigant who was granted *in forma pauperis* status, Plaintiff argues that it was the responsibility of the U.S. Marshal to serve Defendants in a timely fashion and that he should not be punished for their failure to do so. *Id.* at 5:2-10. Plaintiff does not respond to the issues of personal jurisdiction, venue or whether the inclusion of Doe Defendants is proper.

Because the Court finds that the issue of personal jurisdiction is dispositive as to many of Plaintiff's claims, the Court shall address it first.

**A.     Personal Jurisdiction and Venue**

Defendants move to dismiss all claims against Terrell and Doe Defendants pursuant to Rule 12(b)(2) for lack of personal jurisdiction or in the alternative, under Rule 12(b)(3) for lack of proper venue. (Defs.' Mot. 6:18-19, 9:5-6, Dkt. #16.) Defendants argue that Plaintiff has failed to demonstrate that the minimum requirements necessary for the Court to exercise personal jurisdiction over Terrell have been met. *Id.* at 7:3-4.

Plaintiff does not respond to this argument in his Opposition. However, in his Complaint, he states that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 as a federal question action. (Compl. ¶ 6.) Plaintiff's complaint further asserts that venue is proper in this court because "a substantial amount of damages giving rise to this lawsuit occurred in this district." *Id.* at ¶ 7.

As the party seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of establishing that this Court has personal jurisdiction over Defendants. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). In the present case, FMC is located in Rochester, Minnesota, and Terrell, no longer serving as warden of the facility, now resides in or around the state of New York. (Bitz Decl., ¶¶ 1, 5, Dkt. #17.)

4

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Id.* at 801. Therefore, absent traditional bases for personal jurisdiction (*i.e.*, physical presence, domicile, and consent), the Due Process Clause requires that nonresident defendants have certain "minimum contacts" with the forum state, "such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Ninth Circuit has articulated a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction in the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

Here, the analysis terminates at the first prong. FMC is located in Rochester, Minnesota and Terrell, no longer serving as warden at the facility, now resides in or around the state of New York. (Bitz Decl., ¶¶ 1, 5, Dkt. #17.) Further, the violations Plaintiff claims in his Complaint all, by his own admission, took place at FMC in Rochester, Minnesota. (Compl. ¶¶ 9-23.) Thus, Plaintiff has failed to establish that any individual defendant purposefully directed his or her activities in California, or that any individual defendant performed some act by which he or she purposefully availed themselves of the privilege of conducting activities in this forum. Accordingly, Plaintiff has not shown that any individual defendant has sufficient minimum contacts to be susceptible to specific personal jurisdiction in this district.

Defendants also argue that venue is improper in this district.  A party may move to dismiss a complaint for lack of proper venue under Rule 12(b)(3).  Under 28 U.S.C. §1391(b), venue is proper in: (1) a district where any defendant resides; (2) a district in which a "substantial part of the events or omissions giving rise to the claim occurred"; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. §1391(b.)  Plaintiff has the burden of proving he filed this action in the proper venue.  *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir.1979).

In his Complaint and Opposition to Defendants' motion, Plaintiff has failed to provide sufficient facts to show that venue is proper.  Although Plaintiff claims that a substantial amount of damages giving rise to this lawsuit occurred in this district, he provides nothing to support this contention.  Further, as discussed above, the violations Plaintiff claims in his Complaint all, by his own admission, took place at FMC in Rochester, Minnesota.  (Compl. ¶¶ 9-23.)  Moreover, Plaintiff has failed to show that any of the Defendants reside or can be found in this district.  As a result, venue is also improper.

Based on the foregoing, the Court finds that it does not have personal jurisdiction over Terrell or Doe Defendants and that venue is improper.  Therefore, Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) is GRANTED.  Thus, only Plaintiff's claims against the United States of America remain.

## B.     Subject Matter Jurisdiction

As to Plaintiff's claims against the United States, Defendants first argue that the claim of constitutional violations is improper because Plaintiff cannot sue the United States without a waiver of sovereign immunity, and no such waiver exists.  (Defs.' Mot. 4:7-5:3, Dkt. #16.)  As to Plaintiff's claims under the FTCA, Defendants argue that the Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction based on his failure to file this lawsuit within six months of having his administrative claim denied, as required by the applicable statute of limitations.

### 1.     Legal Standard

Pursuant to Rule 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a

6

claim upon which relief can be granted. Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

*Pro se* pleadings are also subject to Rule 8(a)(2). *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). However, pleadings of *pro se* litigants are held to even less rigid standards than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). While a *pro se* plaintiff's pleadings will be construed with great leeway, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil*, 66 F.3d at 199. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 129 S.Ct. at 1950.

If the court dismisses a complaint pursuant to Rule 12(b)(6), it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."

7

*Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).  Leave to amend need not be given if a complaint, as amended, is subject to dismissal.  *Id.*

    2.    <u>Application to the Case at Bar</u>

        *a.*    *Constitutional Claims*

In his Complaint, Plaintiff alleges that the United States violated his constitutional rights by acting negligently or with deliberate indifference to his medical needs, by torturing and humiliating him, by failing to properly supervise its employees, by inflicting upon him an incurable illness, and by severely damaging his physical and emotional well being.  (Compl. ¶¶ 23-25.)  Defendants argue that the claim of constitutional violations against the United States is improper based on the principle of sovereign immunity.  (Defs.' Mot. 4:7-5:3, Dkt. #16.)  Plaintiff offers no response to Defendants' argument.

As a general rule, the United States cannot be sued without its consent.  *United States v. Sherwood,* 312 U.S. 584, 585 (1941); *Gould v. U.S. Dept. of Health & Human Services,* 905 F.2d 738, 741 (4th Cir. 1990).  The terms of that consent define a federal court's jurisdiction to entertain such suit.  *United States v. Testan,* 424 U.S. 392, 399 (1976).  The United States has not, however, waived its immunity for claims based upon alleged constitutional violations.  *See F.D.I.C. v. Meyer,* 510 U.S. 471, 478 (1994).  Thus, the United States cannot be sued as a Defendant in Plaintiff's claim for damages based on violations of his constitutional rights.  Plaintiff has therefore failed to state a claim upon which relief can be granted as to his constitutional claims.  Accordingly, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss Plaintiff's first cause of action against Defendant United States of America.

        *b.*    *Tort Claims*

Plaintiff's second cause of action is for personal injury under the FTCA.  (Compl. ¶¶ 26, 27.)  Defendants move to dismiss this claim based on Plaintiff's failure to act in accordance with the limits and conditions of the FTCA.  (Defs.' Mot. 3:23-24, Dkt. #16.)  Specifically, Defendants claim Plaintiff failed to meet the filing deadline required by the FTCA when he filed his claim on November 30, 2009, eight days after the six-month cutoff date.  *Id.* at 5:1-3.  While Defendants

1  concede that Plaintiff only missed the deadline by eight days, they maintain that a failure to strictly
2  adhere to the limits of the FTCA is grounds for dismissal. *Id.*
3        In response, Plaintiff contends that the failure to file his claim within six months is only
4  alleged by Defendants and given the opportunity he suggests he could present evidence to show that
5  he actually filed within the acceptable period. (Pl.'s Opp'n 6:7-18, Dkt. #22.) Plaintiff further
6  asserts that Defendants must submit "more convincing evidence rather than just a statement by the
7  person-in-question's personnel" to prove he submitted the claim late in order to overcome the
8  burden of proof on this issue. *Id.* at 6:15-17.
9        28 U.S.C. §2401(b) provides:

> [A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

13  The limitations in 28 U.S.C. §2401(b) represent "the balance struck by Congress in the context of
14  tort claims against the Government; and [courts] are not free to construe it so as to defeat its obvious
15  purpose, which is to encourage the prompt presentation of claims." *United States v. Kubrick*, 444
16  U.S. 111, 117 (1979).
17        Plaintiff received a letter dated April 22, 2009 denying his administrative claim, which was
18  sent via certified mail. (Bitz. Decl. ¶ 4, Attach. A, Dkt. # 26.) The letter states that Plaintiff's claim
19  was reviewed and denied, and if Plaintiff wished to take further action he "may file suit in an
20  appropriate U.S. District Court no later than six months after the date of mailing of this notification."
21  *Id.* Plaintiff filed his complaint in the instant case on October 30, 2009. (Dkt #1.) Plaintiff,
22  therefore, has clearly filed suit outside of the six month statute of limitations. "[A]lthough affording
23  plaintiffs what the legislature deems a reasonable time to present their claims, [statutes of
24  limitations] protect defendants and the courts from having to deal with cases in which the search for
25  truth may be seriously impaired by the loss of evidence, whether by death or disappearance of
26  witnesses, fading memories, disappearance of documents, or otherwise." *Kubrick*, 444 U.S. at 117
27  (citations omitted). When an act such as the FTCA waives the immunity of the United States, the
28

courts must construe the statute of limitations with this condition in mind, and "should not take it upon ourselves to extend the waiver beyond that which Congress intended." *Id.* at 118 (citations omitted).  Thus, because Plaintiff failed to file his claim within the statute of limitations of the FTCA, he has forfeited his tort claim against the United States.  Accordingly, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss Plaintiff's second cause of action against Defendant United States of America.

## IV.  CONCLUSION

Based on the analysis above, the Court hereby GRANTS Defendants' motion and DISMISSES Plaintiff's Complaint WITHOUT LEAVE TO AMEND.  The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: September 22, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES W. JAMES et al,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA et al,

        Defendant.

Case Number: CV09-05149 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James W. James
15355 Bittern Court
San Leandro, CA 94579

Dated: September 22, 2010

        Richard W. Wieking, Clerk
        By: Brenda Tolbert, Deputy Clerk

11